**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| JERRY G. PRICE and TRUDY PRICE, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. _____ |
| v. | ) ) | COMPLAINT AND JURY DEMAND |
| FAITH REGIONAL HEALTH SERVICES; CHARLES ROBERT ADAMS, M.D.; DOES I-X | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs, Jerry G. Price and Trudy Price, husband and wife, for their claims against Defendants, allege as follows:

## JURISDICTION – VENUE – PARTIES

1. Plaintiffs Jerry G. Price and Trudy Price, husband and wife are citizens of Florida.

2. Defendant Faith Regional Health Services is a Nebraska corporation duly authorized to do business in Madison County, Nebraska and has conducted business throughout the State of Nebraska on a systematic and continuous basis. Defendant Faith Regional Health Services is a full service hospital which holds itself out to the public as engaged in the business of providing medical and hospital care services to patients.

3. At all times material hereto, Defendant Charles Robert Adams, M.D., was a resident of Nebraska and was licensed to practice medicine in the State of Nebraska and held himself out as a specialist in the field of neurology. At all times material hereto, Defendant Charles Robert Adams, M.D., was a principal and/or employee and/or agent and/or ostensible agent of Faith Regional Health Services, and was acting within the course and scope of his employment and/or agency with Defendant Faith Regional Health Services, such that Faith Regional Health Services is vicariously responsible for the conduct of Charles Robert Adams, M.D., as alleged herein.

1

4. Diversity Jurisdiction is vested in this Court and meets the requirements of 28 U.S.C. § 1332 in that this litigation involves citizens of different states and involves a controversy in the excess of $75,000, inclusive of interest and costs.

5. The true names and capacities of Defendants sued herein as Does I-X, inclusive, are not known to Plaintiffs; upon information and belief, Does I-V are employees, agents and/or ostensible agents of the named Defendants for whose negligent and/or otherwise tortious conduct the named Defendants are vicariously liable; and upon information and belief, Does VI-X are other individuals and/or entities who may be responsible in some manner for Plaintiffs' injuries and other damages as herein alleged; Plaintiffs will amend this Complaint to allege the true names and capacities of Does I-X if and when ascertained.

## FACTUAL ALLEGATIONS

6. At all times material hereto there existed a physician-patient relationship between Plaintiff Jerry Price and Defendants Faith Regional Health Services and Charles Robert Adams, M.D. Defendants agreed to furnish proper medical care, including proper and timely diagnosis, treatment, advise and medical supervision to Plaintiff Jerry Price in exchange for consideration which they received.

7. At all times material hereto, Defendants, and each of them, were the employees, agents and/or ostensible agents of the remaining co-Defendants, and each was at all times acting within the course and scope of said employment, agency and/or apparent agency. All Defendants were either joint tort feasors with the other Defendants and/or were concurrently or jointly and severally liable for the acts and omissions herein described and/or otherwise derivatively or vicariously liable for said acts and omissions.

8. The medical care, treatment and advise received by Plaintiff Jerry Price from Defendants, and each of them, fell below the applicable standard of care expected under the circumstances, such that Defendants, and each of them, were negligent and/or careless and/or failed to conform to the applicable standard of care customarily recognized by similarly situated healthcare providers.

9. The substandard and/or negligent care and/or treatment rendered to Jerry Price while a patient at Faith Regional Health Services from February 10, 2005 through February 12, 2005 was the proximate cause of catastrophic and permanent neurological deficits sustained by Jerry Price.

As a result of Defendant Charles Robert Adams, M.D.'s negligence, Jerry Price suffered a large spinal epidural hematoma. As a result of the negligence of the Defendants and each of them, Plaintiff Jerry Price was not timely or properly diagnosed, examined and treated for an evolving spinal epidural hematoma.

10. As a proximate result of the Defendants' negligence and/or substandard care of Plaintiff Jerry Price, Jerry Price suffered spinal cord compression and significant spinal cord damage and was required to undergo additional hospitalization and receive additional medical care and treatment which is ongoing.

11. As a proximate result of Defendants' negligent and substandard care and treatment provided by Defendants, Plaintiff Jerry Price has suffered, and will suffer in the future, severe and permanent injuries, including but not limited to, great bodily harm, pain, discomfort, disability, suffering, emotional stress, loss of enjoyment of life, anxiety and permanent paralysis and disability.

12. As a direct and proximate result of the negligence and/or other tortious conduct of Defendants, Plaintiffs have been forced to incur medical and attendant care expenses and will be forced to incur medical and attendant care expenses in the future, in amounts to be determined.

13. As a direct and proximate result of the negligence and/or other tortious conduct of Defendants, Plaintiff Jerry Price has sustained a loss of earning capacity and/or loss of income and earning in the future, including the value of household services, in amounts to be determined.

14. As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff Trudy Price has suffered and will continue in the future to suffer the loss of society and companionship of her husband, Jerry Price.

15. Pursuant to NEB. REV. STAT. §44-2840, Plaintiffs have waived their right to a review of this claim by a Medical Review Panel and have served a copy of this Complaint upon the Director of the Department of Insurance for the State of Nebraska by certified mail.

## CLAIM OF UNCONSTITUTIONALITY

16. Plaintiffs allege that NEB. REV. STAT. § 44-2825(1), placing a cap on plaintiffs' damages is unconstitutional. Plaintiffs allege the damage cap violates the equal protection clause of the United States and Nebraska Constitutions. This cap is fundamentally unfair to the most severely injured malpractice victim. Additionally, there is no legitimate relationship existing

between insurance rates and the cap. NEB. REV. STAT. § 44-2825(1) is not reasonably related to the legislative purpose and should be severed from the Nebraska Medical Malpractice Act. Plaintiffs allege that the damage cap violates the Plaintiffs' right to substantive due process by depriving them of substantive rights protected by the United States and Nebraska Constitutions. U.S. Cons. Amend. XIV, NEB. CONST. ART. I § 3. The statute arbitrarily caps all damages and in so doing the legislature has created an inherently unequal and unfair class wherein the Legislature has implicitly decided that any victims with total damages under $1,750,000 can recover all of his damages whereas more severely injured victims, like the plaintiffs in this case, would not be able to recover all of their damages. It is an irrational and arbitrary act to impose the cost of the intended benefit to the general public solely upon a class consistent of those most severely injured by medical malpractice. NEB. REV. STAT. 44-2825(1) also violates the Plaintiffs' "right of trial by jury" as established by Art. I Sec. 6 of the Nebraska Constitution.

## JURY DEMAND

17. Plaintiffs request a trial by a jury of twelve to be held in Omaha, Nebraska.

WHEREFORE, Plaintiffs pray that the damages cap in NEB. REV. STAT. § 44-2825(1) be held unconstitutional and be severed from the remaining portion of the act, and for judgment against the Defendants, and each of them, as follows:

1. For general compensatory damages, including pain, suffering, disability, loss of the ability to enjoy to life, and loss of consortium in a fair and reasonable amount;
2. For Plaintiffs special damages, including past and future medical and attendant care expenses, past and future lost income and loss earning capacity, and other economic and pecuniary losses, including household services;
3. For Plaintiffs' costs herein incurred, expended and accruing; and
4. For such other and further relief as is just and proper.

DATED this 31st day of August, 2006.

                JERRY G. PRICE and TRUDY PRICE, Plaintiffs


By  /s/ Robert G. Pahlke
    Robert G. Pahlke, NSBA # 13201
    Kyle J. Long, NSBA # 22683
    Dayle L. Wallien, NSBA # 22793
    PAHLKE, SMITH, SNYDER, PETITT & EUBANKS
    1904 First Avenue
    Post Office Box 1204
    Scottsbluff, Nebraska 69363-1204
    Telephone (308) 635-3161
    Facsimile (308) 632-3128
    Email: rgp@vanlaw.net


[00022671.wpd]